UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MICHAEL P. FLAVIN,<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Criminal No.   20cr10269<br><br>Violations:<br><br>Counts One-Two: Wire Fraud<br>(18 U.S.C. § 1343)<br><br>Counts Three-Four: Aggravated Identity Theft<br>(18 U.S.C. § 1028A(a)(1))<br><br>Forfeiture Allegation:<br>(18 U.S.C. § 981(a)(1)(C) and<br>28 U.S.C. § 2461) |

INDICTMENT

At all times relevant to this Indictment:

General Allegations

1.      The defendant, MICHAEL P. FLAVIN ("FLAVIN") was a resident of Quincy, Massachusetts and a licensed broker at a family-owned real estate and insurance business located in Quincy (the "Real Estate Business").  FLAVIN was not an owner of the Real Estate Business and did not have authority to cash or deposit checks on its behalf.

2.      The owners of the Real Estate Business owned numerous rental properties in Eastern Massachusetts through a property owning company (the "Property Owning Entity").  FLAVIN was not an owner, authorized signatory, or broker for the Property Owning Entity, and did not have authority to list or sell property for the Property Owning Entity.

3.      Victims 1 through 7 were individuals who entered into agreements to buy real estate in Massachusetts.

4.      Victims 8 through 11 were individuals whose properties FLAVIN purported to sell.

5.      Victim 12 was an attorney in Brookline, Massachusetts.

6.      Victim 13 was a Fire Department inspector in Quincy, Massachusetts.

### The Scheme to Defraud

7.      Between in or about 2017 and April 2020, FLAVIN engaged in a fraudulent scheme to solicit real estate deposit checks and divert the proceeds to himself for personal use, by purporting to sell properties that were not actually for sale or that he was not authorized to list for sale.  The properties FLAVIN purported to sell included properties owned by the Property Owning Entity, or by other individuals, as well as properties for which the Real Estate Business had negotiated purchase and sale agreements with other buyers.

8.      After finding buyers for the properties he fraudulently marketed, FLAVIN executed purchase and sale agreements with the buyers—and received deposit checks from them to be held in escrow pending the closing of the transactions—even though the actual owners of the properties had not agreed to sell them to those buyers.  As part of the scheme, FLAVIN forged the signatures of the sellers on the purported purchase and sale agreements.

9.      FLAVIN then fabricated reasons why the property sales could not close, in order to keep the deposits or delay returning them.

10.     As part of the scheme, between in or about 2017 and April 2020, FLAVIN cashed more than 60 deposit checks totaling approximately $1.76 million made out to his employer, the Real Estate Business.  FLAVIN cashed the checks at a Boston check cashing business and endorsed each of the checks in the name of the Real Estate Business.

2

11.     As examples, FLAVIN cashed the deposit checks of Victims 1 through 7, set forth below, despite the fact that he had agreed to hold the checks in escrow until the real estate closings occurred:

| Victim # | Check Date | Amount | Financial Institution | Property to be Purchased |
|----------|------------|--------|-----------------------|--------------------------|
| 1 | 9/18/2017 | $19,400 | Citizens Bank | Shaw St., Quincy |
| 2 | 11/29/2017 | $47,250 | South Shore Bank | Massachusetts Ave., Boston |
| 3 | 5/24/2018 | $36,000 | Bank of America | Newbury Ave., Quincy |
| 4 | 6/3/2019 | $25,000 | Citizens Bank | Newport Ave., Quincy |
| 5 | 7/29/2019 | $90,000 | South Shore Bank | Cambridge St., Cambridge |
| 6 | 12/6/2019 | $129,500 | Rockland Trust Bank | Field St., Quincy |
| 7 | 2/28/2020 | $43,750 | Santander Bank | Hunt St., Quincy |

12.     During the same time period, FLAVIN made large cash deposits into his personal bank accounts, including the following:

| Approximate Dates | Amount Deposited | FLAVIN Acct. Receiving Funds |
|-------------------|------------------|------------------------------|
| 9/6/2017-2/18/2020 | $167,000 | North Easton Saving Bank account ending in 1964 |
| 8/27/2018-1/6/2020 | $221,680 | TD Bank Money Mkt. account ending in 6160 |
| 1/1/2017-2/11/2020 | $223,352 | TD Bank personal checking account ending in 0217 |

13.     FLAVIN used the money from the fraudulent transactions for personal expenditures, including credit card bills, travel, restaurants, groceries and a mortgage, as well as to fund checks returning deposit payments to previous buyers.

The Identity Theft

14.     FLAVIN created and used the names of other individuals and email accounts in the names of other individuals to facilitate his fraud scheme.

15.     For example, on or about November 29, 2017, FLAVIN provided Victim 2 a Purchase and Sale Agreement for a property located on Massachusetts Avenue in Boston, that

3

falsely purported to be signed by four sellers, Victims 8 through 11, all of whose signatures FLAVIN forged.

16.     As another example, on or about February 26, 2020, FLAVIN sent an email, via wire communication in interstate commerce, purporting to be from Victim 12, an attorney, to Victim 1, who had agreed to buy two properties FLAVIN marketed and who sought the return of the deposits after the sales did not close. The email address contained the name of Victim 12 and the email stated:

> Hi [Victim 1],
>
> 100 percent of this last couple flips were my fault. That being said I spoke wtb [sic] Mike. As of next week we will be able to getting you a significant payment. Then the balance the following week or two. Plan on next Tuesday or Wednesday. Please feel free to contact me next Tuesday afternoon to work out the details. Text / Call my cell phone Tuesday [cell phone number].
>
> Best Regards,
>
> [Initials of Victim 12]

In reality, Victim 12 had nothing to do with the real estate transaction.

17.     On or about April 9, 2020, FLAVIN sent an email purporting to be from Victim 13, a Quincy fire inspector, to himself, and then forwarded the email via wire communication in interstate commerce to an attorney for Victim 3. The fake email address contained the name of Victim 13 and stated that a property on Newbury Avenue in Quincy had failed its fire alarm inspection, and attached a copy of an altered Quincy Fire Department report signed by Victim 13. The altered report falsely stated that the property had failed its inspection, when in fact the actual report stated that the property had passed its inspection.

COUNTS ONE - TWO
Wire Fraud
(18 U.S.C. § 1343)

The Grand Jury charges:

18.     The Grand Jury re-alleges and incorporates by reference paragraphs 1-17 of this Indictment.

19.     From in or about 2017 through in or about April 2020, in the District of Massachusetts, and elsewhere, the defendant,

MICHAEL P. FLAVIN,

having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing the scheme to defraud, as set forth below:

| Count | Approx. Date | Description |
|---|---|---|
| 1 | Feb. 26, 2020 | Email purporting to be from Victim 12 to Victim 1 and FLAVIN |
| 2 | April 9, 2020 | Email purporting to be from Victim 13, forwarded by FLAVIN to attorney for Victim 3 |

All in violation of Title 18, United State Code, Section 1343.

5

COUNTS THREE - FOUR
Aggravated Identity Theft
(18 U.S.C. § 1028A(a)(1))

The Grand Jury further charges:

20.    The Grand Jury re-alleges and incorporates by reference paragraphs 1-19 of this
Indictment.

21.    On or about dates set forth below, in the District of Massachusetts, and elsewhere,
the defendant,

MICHAEL P. FLAVIN,

did knowingly transfer, possess, and use, without lawful authority, a means of identification of
another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c),
that is, wire fraud, in violation of 18 U.S.C. § 1343, as set forth in Counts One and Two above.

| Count | Approximate Date | Means of Identification |
|-------|------------------|-------------------------|
| 3 | Feb. 26, 2020 | Name of Victim 12 |
| 4 | April 9, 2020 | Name of Victim 13 |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

22.    Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1343, set forth in Counts One and Two of this Indictment, the defendant,

### MICHAEL P. FLAVIN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, the following asset:

a.    $1,764,500 to be entered in the form of a forfeiture money judgment;

23.    If any of the property described in Paragraph 22, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property

of the defendant up to the value of the property described in Paragraph 22 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

SARA MIRON BLOOM
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: ___November 10___, 2020
Returned into the District Court by the Grand Jurors and filed.

/s/ Thomas F. Quinn   11/10/20 @ 2:15pm
DEPUTY CLERK

8