UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | * |
| | * |
| MICHAEL FLAVIN, | *   Criminal Action No. 20-cr-10269-ADB |
| | * |
| Defendant. | * |
| | * |

**MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR REDUCTION OF SENTENCE**

BURROUGHS, D.J.

Currently before the Court is Michael Flavin's ("Flavin") motion for compassionate release. [ECF No. 76]. For the reasons set forth below, the motion is GRANTED.

I. **FACTUAL BACKGROUND**

On December 17, 2021, Flavin, pursuant to a plea agreement, pled guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343 and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A. [ECF Nos. 1, 52]. The charges arose from his participation in a scheme to defraud that involved fictional sales of real estate and included him using the names of other people to facilitate the fraud. [ECF No. 1]. At sentencing, the Court imposed a total sentence of 30 months. [ECF Nos. 71, 74]. Flavin self-reported to FCI Fort Dix on November 9, 2022 and overall has served just over a year of his sentence. [ECF No. 76 at 2].

The Court assumes familiarity with the ongoing COVID-19 pandemic, the risk to inmates within the federal prison system, and the now widespread availability of vaccines that help to prevent or moderate cases of COVID-19.

Flavin is 51 years old and has a series of underlying health issues, including type 2 diabetes, obesity and hypertension. [ECF No. 76 at 1, 5–12, ECF No. 76-1 at 2]. Flavin alleges that (1) his medical conditions make him especially vulnerable to COVID-19 and (2) his family situation warrants his release. [ECF No. 76 at 1–2, 6–15].

## II.     PROCEDURAL BACKGROUND

On or about August 31, 2023, Flavin petitioned the Warden at his facility for compassionate release, presumably under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. [ECF No. 76 at 5–6]. According to Flavin, as of October 23, 2023, he had not received a response to his request. [Id.]. Then, on October 26, 2023, Flavin filed the instant motion, seeking an order from the Court "reducing his term of imprisonment to time-served." [ECF No. 76 at 1]. On November 20, 2023, the government notified the Court by email that it opposed Mr. Flavin's release based on his Covid risk, but that it was in favor of his release based on his family circumstances[1].

## III.    DISCUSSION

Flavin seeks release under 18 U.S.C. § 3582(c)(1)(A). See [ECF No. 76 at 1–2]. Previously, incarcerated defendants could seek release under this statute only upon motion of the BOP. The First Step Act of 2018, however, amended that provision to allow prisoners to seek relief directly from the courts once they have exhausted their administrative remedies. Section 3582(c)(1)(A) now provides that

> [t]he Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the [C]ourt, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to

---

[1] The Court views Mr. Flavin's release, based on the facts currently known to it, to be a close call and notes that absent the agreement of the government, this motion would have likely been denied.

>bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that . . . (i) *extraordinary and compelling reasons* warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A) (emphasis added).

Section 1B1.13 of the Sentencing Guidelines further explains that the Court may reduce a defendant's sentence if, after considering the factors in 18 U.S.C. § 3553(a), the Court determines that

>(1)(A) extraordinary and compelling reasons warrant the reduction; . . .
>(2) the defendant is not a danger to the safety of any other person or to the community, . . . ; and
>(3) the reduction is consistent with this policy statement[.]

U.S.S.G. § 1B1.13.

Flavin has the burden of proving that he is entitled to relief under 18 U.S.C. § 3582. United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, he must satisfy three requirements. See United States v. Jackson, No. 19-cr-00347, 2020 WL 3402391, at *4 (D.D.C. June 19, 2020). First, he must show that "extraordinary and compelling reasons" warrant his release; second, he must show that release is consistent with the Sentencing Commission's policy, which requires showing that he is not a

3

danger to the safety of any other person or the community; finally, he must show that the sentencing factors in 18 U.S.C. § 3553(a) justify release. Id.

Thus, the Court must now determine whether "extraordinary and compelling reasons" support compassionate release, consistent with the § 3553(a) sentencing factors and the Sentencing Commission's policy. 18 U.S.C. § 3582(c)(1)(A).

### A. "Extraordinary and Compelling Reasons" Under 18 U.S.C. § 3582(c)(1)(A)

The Sentencing Guidelines recognize that compassionate release due to extraordinary and compelling reasons may be appropriate in cases where, for example, family circumstances or the defendant's age or health make release appropriate. U.S.S.G. § 1B1.13(b)(A)–(C). Courts have found that the Sentencing Guidelines set forth a non-exhaustive list and that release may also be warranted under the policy's "catch-all provision [which] allows for compassionate release when 'there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with' the other enumerated reasons." United States v. Guzman-Soto, No. 18-cr-10086, 2020 WL 2104787, at *3 (D. Mass. May 1, 2020) (quoting U.S.S.G. § 1B1.13 cmt. n.1(D) (2021)).

Here, Flavin puts forth no evidence that his medical condition has worsened since he was incarcerated or that he has been receiving inadequate medical treatment at FCI Fort Dix. See [ECF No. 76]. His main claim is that his medical issues put him at higher risk of serious medical complications if he does contract COVID-19 and that the conditions of incarceration increase the chance that he will become infected with the virus. [Id.]. Notably, it does not appear that Flavin has COVID-19 and he is vaccinated, which is the most important step in preventing serious illness. [Id. at 11]. Moreover, there is nothing in the record to suggest that his medical needs are not, or cannot, be well managed within FCI Fort Dix. While the Court is cognizant of the dangers of COVID-19, especially for individuals with existing health conditions that make them

4

more likely to suffer serious effects if they develop the virus, Flavin's risk, based on the ailments he has alleged, does not warrant release. Further, courts around the country have found that, standing alone, risk of contracting COVID-19 does not justify compassionate release. United States v. Rodriguez-Orejuela, 457 F. Supp. 3d 1275, 1286 (S.D. Fla. 2020); United States v. Brummett, No. 07-cr-00103, 2020 WL 6120457, at *2 (E.D. Ky. Oct. 16, 2020) ("[T]he risk of future illness is not sufficient to justify release."); United States v. Gray, No. 11-cr-20131, 2020 WL 5094710, at *13 (D. Kan. Aug. 28, 2020) ("To be sure, it is regrettable that [the defendant] is incarcerated during this pandemic. It is also regrettable that his health conditions place him at increased risk of serious illness should he contract the virus. But the court isn't convinced that the combination of those two conditions qualifies him for release.").

Thus, the Court finds that Flavin has failed to meet his burden of demonstrating "extraordinary and compelling reasons" that would justify his early release based on his Covid risk.

That said, Flavin has documented serious family issues and the government supports his release on this ground. Therefore, given the agreement of the government and the information that has been provided to the Court, the Court finds that Flavin's family situation warrants his release.

      **B.**    **Dangerousness and the § 3553(a) Factors**

Next, the Court must consider whether Flavin is "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(a)(2). Here, given Flavin's personal history, there is no reason to believe that he, if released, would pose any physical danger to the safety of the community.

The Court must "consider[] the factors set forth in section 3553(a)," 18 U.S.C. § 3582(c)(1)(A), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> . . .
> (4) the kinds of sentence and the sentencing range established [under the applicable Guidelines sections]
> . . . [and]
> (5) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.

18 U.S.C. § 3553(a). The Court weighs these factors against the reasons favoring Flavin's immediate release. United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020) ("[I]n considering the section 3553(a) factors, [the court] should assess whether those factors outweigh the 'extraordinary and compelling reasons' warranting compassionate release, particularly whether compassionate release would undermine the goals of the original sentence."). For purposes of this analysis the Court will reference both his Covid risk and his family circumstances, although the Court does not find his Covid risk to be a factor that mitigates in favor of early release at all much less immediate release.

According to the government, Flavin is due to be released on May 7, 2024, but the date could be significantly earlier given good time and perhaps other applicable credits. Given the relatively short time left on his sentence, coupled with his pressing family situation, his release is not inconsistent with the purposes of sentencing including punishment and deterrence.

## IV.     CONCLUSION

The Court finds that Flavin has failed to meet his burden of demonstrating that compassionate release is justified based on his Covid risk but will grant his motion based on family circumstances.  Mr. Flavin is warned that any violation of his supervised release conditions will likely lead to immediate reincarceration.  Accordingly, Flavin's motion for compassionate release, [ECF No. 76], is <u>GRANTED</u>.

**SO ORDERED.**

November 21, 2023                                                        /s/ Allison D. Burroughs
                                                                         ALLISON D. BURROUGHS
                                                                         U.S. DISTRICT JUDGE